## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Gregory P. Snellings

    v.

Peninsula Insurance Co. et al.

December 28, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

In this declaratory judgment action, Snellings asks the court to determine that on May 20, 1987, he was covered by a policy of auto liability insurance issued by Peninsula Insurance Company. After pleadings were filed and discovery conducted, an evidentiary hearing was held on December 19, 1988, and the parties submitted memoranda in support of their respective positions.

On May 3, 1985, Snellings applied for an automobile liability insurance policy at the G. L. Herndon Insurance Agency. The insurance was placed with Peninsula and a policy of insurance was issued by Peninsula, effective as of the date of the application. The policy period was for three months, as Snellings had requested in his application.

Thereafter, at three-month intervals, Snellings paid new premiums and the policy was renewed, until October of 1986.

On October 7, 1986, Snellings wrote a check payable to "G. L. Herndon Insurance" as premium payment for the period November 3, 1986, to February 3, 1987. From the markings on the check (Plaintiff's Exhibit # 3), it is not clear how the check made its way to Peninsula, but, at any rate, it was returned by Snellings's bank for "Insufficient Funds." On December 19, 1986, Snellings paid the premium by cashier's check, and shortly thereafter, Peninsu-

la reinstated the policy. It is clear from the reinstatement notice (Plaintiff's Exhibit # 5) that the policy period ran from November 3, 1986, to February 3, 1987.

Thereafter, insurer and insured had no further contact. Snellings did not seek to renew the policy on February 3, 1987, or on May 3, 1987, and he neither paid nor tendered any premiums. Peninsula sent no bills and provided no notice of cancellation or nonrenewal.

On May 20, 1987, Snellings was involved in an automobile accident which gives rise to this controversy.

### Justiciable Controversy

The court is of the opinion that this case involves a justiciable controversy ripe for adjudication under the Declaratory Judgment Act (Virginia Code § 8.01-184 et seq.). Neither defendant has raised this issue; no objection to the court's jurisdiction under the Act was made at trial or in any pleading or memorandum.

### Dismissal of Herndon

At the conclusion of Snellings's evidence at the December 19th trial, Herndon moved to strike the evidence against him. Because no evidence was presented upon which any relief against Herndon could be supported, the court granted the motion and entered summary judgment for Herndon.

### Cancellation; Refusal to Renew; Lapse

In his initial pleading, Snellings contends that he is entitled to coverage as of May 20, 1987, because Peninsula improperly, and ineffectively, "cancelled" its policy of insurance without notice. "Cancellation" is a defined term in liability insurance nomenclature. It means "termination of a policy during the policy period." Virginia Code § 38.2-2212(A).

Snellings applied for, paid for, and received a three-month policy which was renewed at three-month intervals, upon payment of the premium, through February 3, 1987. Peninsula did not cancel or attempt to cancel or otherwise terminate the policy during any of these three-month policy periods.

At the hearing on December 19th, counsel for Snellings conceded that "cancellation" is not an issue in this case.

The notice requirements for cancellation are prescribed in § 38.2-2208. Those requirements are also applicable to notices of "refusal to renew." Therefore, even though this is not a case of cancellation, Peninsula's action nonetheless would be ineffective if such action constituted a "refusal to renew" and Peninsula did not provide the notice prescribed in that statute.

"Refusal to renew" is not a defined term. "Renewal" is defined as the issuance of a policy superseding at the end of the policy period a policy previously issued providing types and limits of coverage at least equal to those contained in the old policy. Virginia Code Section 38.2-2212(A). Thus, a refusal to renew involves a rejection, or some deliberate action on the part of the insurer manifesting a decision to decline an extension of the coverage.

Here, Peninsula did not refuse to renew Snellings's policy. When policy # AL031045 expired on February 3, 1987, a new policy was not issued because Snellings did not pay the premium, did not apply for coverage, and, in fact, made no contact with Peninsula or its agent. The policy lapsed by its own terms, and no new policy was ever applied for or issued.

Snellings also invokes the provisions of Virginia Code § 38.2-2212(K). The court agrees with Peninsula's argument regarding the inapplicability of that subsection to the facts of this case. Here, there was no reason for Peninsula to give a fifteen-day notice of nonrenewal prior to the February 3, 1987, expiration date. The evidence is undisputed that had Snellings paid his premium, he would have obtained coverage under another three-month policy just as he had obtained at every three-month interval since May of 1985. In this case, as noted above, Peninsula did not make the decision to refuse to renew the policy, as contemplated by § 38.2-2208 and § 38.2-2212(K); instead, Snellings chose not to renew, or, at least, neglected to renew.

In order to grant the relief requested by Snellings, the court not only would be required to create another three-month policy (i.e., from February 3, 1987, to May 3, 1987), but a *second* three-month policy (i.e., from

May 3, 1987). The accident occurred on May 20, 1987, three and a half months after Snellings's policy expired and five months after he made his last payment (belatedly) for insurance coverage. Neither the insurance contract in question nor the liability insurance statutes permit that result.

The court is of the opinion that Snellings was not covered by policy # AL031045 of liability insurance issued by Peninsula on May 20, 1987. Accordingly, the relief sought in his motion for declaratory judgment will be denied.